CP:BSK
F. #2007R01685/NYNYE0430

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

EDISON VALDES,
    also known as "Mango,"
    "Pappas" and "El Viejo,"
ALVARO N. CABRERA,
    also known as "El Trompon"
    and "Las Bocas,"
ORLANDO PRADO VESSA,
    also known as "Motorola"
    and "Moto,"
WILMER URIBE PIZARRO,
    also known as "Chorizo"
    and "Chori,"
LUIS FERNANDO SANCHEZ FERREROSA,
    also known as "El Orejon,"
EIBAR GUARIN,
    also known as "El Socio"
    and "Cabezon,"
GUSTAVO ADOLFO MORENO-PENA,
    also known as "Liquadora"
    and "La Muneca,"
ALDEMAR SANCHEZ,
    also known as "Changara"
    and "Primo,"
CESAR AUGUSTO GIL GOMEZ,
    also known as "El Paisa,"
JOSE NORMAN LOPEZ,
ROOSEVELT CARABALI RUIZ,
    also known as "Garrincha,"
MIGUEL SEGOVIA,
    also known as "Chino,"
JOHN MONTOYA-LOAIZA,
HEINER SALAZAR and

I N D I C T M E N T

Cr. No. _____
(T. 21, U.S.C., §§ 841(a)(1),
 841(b)(1)(A)(i),
 841(b)(1)(A)(ii)(II),
 841(b)(1)(C),
 846 and  853; T. 18,
 U.S.C., §§ 1956(a)(1)(B)(i),
 1956(h), 982, 2 and 3551 et
 seq.)

GEORGE BAQUERO,
    also known as "Las Plumas"
    and "El Pollo,"

        Defendants.

- - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment:

1.   The Valdes Organization was a narcotics trafficking organization responsible for the transportation and distribution of multi-kilogram quantities of cocaine and heroin from Colombia through Costa Rica and Mexico to the United States and the distribution of those narcotics in various locations within the United States, including New York, Virginia and Florida.

2.   The defendant EDISON VALDES, also known as "Mango," "Pappas" and "El Viejo," was the leader of the Valdes Organization.

3.   The defendants ALVARO N. CABRERA, also known as "El Trompon" and "Las Bocas," ORLANDO PRADO VESSA, also known as "Motorola" and "Moto," WILMER URIBE PIZARRO, also known as "Chorizo" and "Chori," and LUIS FERNANDO SANCHEZ FERREROSA, also known as "El Orejon," were high-ranking members of the Valdes Organization responsible for narcotics trafficking and money laundering.

4.   The defendant EIBAR GUARIN, also known as "El Socio" and "Cabezon," was a member of the Valdes Organization who

2

transported narcotics for distribution.

5.    The defendant GUSTAVO ADOLFO MORENO-PENA, also known as "Liquadora" and "La Muneca," was a member of the Valdes Organization responsible for distributing narcotics and transporting narcotics proceeds.

6.    The defendant ALDEMAR SANCHEZ, also known as "Changara" and "Primo," was a member of the Valdes Organization responsible for collecting and laundering the organization's narcotics proceeds in the New York area.

7.    The defendant CESAR AUGUSTO GIL GOMEZ, also known as "El Paisa," was a member of the Valdes Organization responsible for distributing narcotics and collecting narcotics proceeds from customers.

8.    The defendant JOSE NORMAN LOPEZ was a customer of the Valdes Organization who purchased kilogram quantities of cocaine for distribution in the Virginia area.

9.    The defendant ROOSEVELT CARABALI RUIZ, also known as "Garrincha," was a member of the Valdes Organization who distributed kilogram quantities of cocaine in the New York area.

10.    The defendant MIGUEL SEGOVIA, also known as "Chino," was a member of the Valdes Organization who was responsible for distributing narcotics and laundering narcotics proceeds in the New York area.

11.   The defendant JOHN MONTOYA LOAIZA worked for MIGUEL SEGOVIA transporting kilogram quantities of cocaine in the New York area.

12.   The defendant HEINER SALAZAR was a member of the Valdes Organization responsible for laundering narcotics proceeds in the Orlando, Florida area.

13.   The defendant GEORGE BAQUERO, also known as "Las Plumas" and "El Pollo," was a member of the Valdes Organization responsible for maintaining locations where the Valdes Organization stored narcotics proceeds.

## COUNT ONE
(Conspiracy to Distribute and Possess with
Intent to Distribute Cocaine)

14.   The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

15.   On or about and between March 2, 1995 and August 23, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EDISON VALDES, also known as "Mango," "Pappas" and "El Viejo," ALVARO N. CABRERA, also known as "El Trompon" and "Las Bocas," ORLANDO PRADO VESSA, also known as "Motorola" and "Moto," WILMER URIBE PIZARRO, also known as "Chorizo" and "Chori," LUIS FERNANDO SANCHEZ FERREROSA, also known as "El Orejon," EIBAR GUARIN, also known as "El Socio" and "Cabezon," GUSTAVO ADOLFO MORENO-PENA,

4

also known as "Liquadora" and "La Muneca," ALDEMAR SANCHEZ, also known as "Changara" and "Primo," CESAR AUGUSTO GIL GOMEZ, also known as "El Paisa," JOSE NORMAN LOPEZ, ROOSEVELT CARABALI RUIZ, also known as "Garrincha," MIGUEL SEGOVIA, also known as "Chino," JOHN MONTOYA LOAIZA and HEINER SALAZAR, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

COUNT TWO
(Distribution of and Possession
with Intent to Distribute Heroin)

16.    The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

17.    On or about July 8, 2006, within the Eastern District of New York and elsewhere, the defendants EDISON VALDES, also known as "Mango," "Pappas" and "El Viejo," MIGUEL SEGOVIA, also known as "Chino," and JOHN MONTOYA LOAIZA, together with others, did knowingly and intentionally distribute and

5

possess with intent to distribute a controlled substance, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a) and 841(b)(1)(A)(i); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THREE
(Distribution of and Possession
with Intent to Distribute Cocaine)

18. The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

19. On or about July 8, 2006, within the Eastern District of New York and elsewhere, the defendants EDISON VALDES, also known as "Mango," "Pappas" and "El Viejo," MIGUEL SEGOVIA, also known as "Chino," and JOHN MONTOYA LOAIZA, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FOUR
(Conspiracy to Launder Money)

20. The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

21. On or about and between March 2, 1995 and August 23, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants EDISON VALDES, also known as "Mango," "Pappas" and "El Viejo," ALVARO N. CABRERA, also known as "El Trompon" and "Las Bocas," WILMER URIBE PIZARRO, also known as "Chorizo" and "Chori," LUIS FERNANDO SANCHEZ FERREROSA, also known as "El Orejon," EIBAR GUARIN, also known as "El Socio" and "Cabezon," ALDEMAR SANCHEZ, also known as "Changara" and "Primo," ROOSEVELT CARABALI RUIZ, MIGUEL SEGOVIA, also known as "Chino," HEINER SALAZAR and GEORGE BAQUERO, also known as "Las Plumas" and "El Pollo," together with others, did knowingly and intentionally conspire to conduct financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing that the transactions were designed in whole and in part to conceal and

7

disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### COUNT FIVE
(Money Laundering)

22.   The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

23.   On or about September 13, 2005, within the Eastern District of New York and elsewhere, the defendants EDISON VALDES, also known as "Mango," "Pappas" and "El Viejo," and GUSTAVO ADOLFO MORENO-PENA, also known as "Liquadora" and "La Muneca," together with others, did knowingly and intentionally conduct financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of $299,320 in United States currency, which in fact involved the proceeds of a specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing that the transactions were designed in whole and in part

to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), 2 and 3551 et seq.)

COUNT SIX
(Money Laundering)

24. The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

25. On or about June 12, 2006, within the Eastern District of New York and elsewhere, the defendants EDISON VALDES, also known as "Mango," "Pappas" and "El Viejo," and ALVARO N. CABRERA, also known as "El Trompon" and "Las Bocas," together with others, did knowingly and intentionally conduct financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of $349,900 in United States currency, which in fact involved the proceeds of a specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing that the

transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## COUNT SEVEN
(Money Laundering)

26. The allegations contained in paragraphs 1 through 13 are realleged and incorporated as if fully set forth in this paragraph.

27. On or about September 20, 2006, within the Eastern District of New York and elsewhere, the defendants EDISON VALDES, also known as "Mango," "Pappas" and "El Viejo," and ROOSEVELT CARABALI RUIZ, also known as "Garrincha," together with others, did knowingly and intentionally conduct financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of $19,000 in United States currency, which in fact involved the proceeds of a specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing that the

transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## FIRST CRIMINAL FORFEITURE ALLEGATION
(Counts One through Three)

28.   The United States hereby gives notice to the defendants that upon their conviction of the offenses charged in Counts One through Three, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses, including but not limited to the following:

Specific Property

(a)   Any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 8686 Chickasaw Farms Lane, a/k/a 8685 Chickasaw Farms Lane, Orlando, Florida 32825;

(b)   Any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 10424 Kirby Smith Road, Orlando, Florida 32832;

(c)   Any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 31-

11

15 79th Street, Jackson Heights, New York 11370;

(d)   Any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 1118 Pine Sap Court, Orlando, Florida 32825; and

(e)   Any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 135-19 95th Street, Ozone Park, New York 11417.

29.   If any of the above-described forfeitable property, as a result of any act or omission of any of the defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation, including but not limited to:

(a)   Any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 2902 Willow Bay Terrace, Casselberry, Florida 32707;

(b)   Any and all right, title and interest in the real property and appurtenances, improvements,

12

fixtures, attachments, and easements known as 1155
Brickell Bay, Unit 2004, Miami, Florida 33131;

(c)   Any and all right, title and interest in the real
property and appurtenances, improvements,
fixtures, attachments, and easements known as 9958
Oak Quarry Drive, Orlando, Florida 32832; and

(d)   Any and all right, title and interest in the real
property and appurtenances, improvements,
fixtures, attachments, and easements known as
10264 Lake District Lane, Orlando, Florida 32832.

(Title 21, United States Code, Section 853)

## SECOND CRIMINAL FORFEITURE ALLEGATION
(Counts Four through Seven)

30.   The United States hereby gives notice to the
defendants that upon their conviction of the offenses charged in
Counts Four through Seven, the government will seek forfeiture in
accordance with Title 18, United States Code, Section 982, of all
property involved in each violation of Title 18, United States
Code, Section 1956, or conspiracy to commit such offense, and all
property traceable to such property, including but not limited to
the following:

Specific Property

(a)   Any and all right, title and interest in the real
property and appurtenances, improvements,
fixtures, attachments, and easements known as 8686
Chickasaw Farms Lane, a/k/a 8685 Chickasaw Farms
Lane, Orlando, Florida 32825;

(b)   Any and all right, title and interest in the real
property and appurtenances, improvements,
fixtures, attachments, and easements known as
10424 Kirby Smith Road, Orlando, Florida 32832;

(c)   Any and all right, title and interest in the real
property and appurtenances, improvements,

13

fixtures, attachments, and easements known as 31-
15 79th Street, Jackson Heights, New York 11370;

(d)     Any and all right, title and interest in the real
        property and appurtenances, improvements,
        fixtures, attachments, and easements known as 1118
        Pine Sap Court, Orlando, Florida 32825; and

(e)     Any and all right, title and interest in the real
        property and appurtenances, improvements,
        fixtures, attachments, and easements known as
        135-19 95th Street, Ozone Park, New York 11417.

31.     If any of the above-described forfeitable

property, as a result of any act or omission of any of the

defendants:

(a)     cannot be located upon the exercise of due
        diligence;

(b)     has been transferred or sold to, or deposited
        with, a third party;

(c)     has been placed beyond the jurisdiction of the
        court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which
        cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of such defendant up to the value of the

forfeitable property described in this forfeiture allegation,

including but not limited to:

(a)     Any and all right, title and interest in the real
        property and appurtenances, improvements,
        fixtures, attachments, and easements known as 2902
        Willow Bay Terrace, Casselberry, Florida 32707;

(b)     Any and all right, title and interest in the real
        property and appurtenances, improvements,

14

fixtures, attachments, and easements known as 1155 Brickell Bay, Unit 2004, Miami, Florida 33131;

(c)   Any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 9958 Oak Quarry Drive, Orlando, Florida 32832; and

(d)   Any and all right, title and interest in the real property and appurtenances, improvements, fixtures, attachments, and easements known as 10264 Lake District Lane, Orlando, Florida 32832.

(Title 18, United States Code, Section 982; Title 21, United States Code, Section 853)

A TRUE BILL

_____
FOREPERSON

_____
ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

15

# NEW YORK FEDERAL COURT

## INFORMATION SHEET

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

1.      Title of Case: <u>United States v. Edison Valdes, et al.</u>

2.      Related Magistrate Docket Number(s) none

3.      Arrest Date:    <u>N/A</u>

4.      Nature of offense(s):   x      Felony
                                      Misdemeanor

5.      Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules): <u>N/A</u>

6.      Projected Length of Trial:    Less than 6 weeks     ( x )
                                       More than 6 weeks    ( )

7.      County in which the cause of action arose: <u>Queens</u>
     (Pursuant to Rule 50.1(d) of the Local EDNY Division of Business Rules).

8.      Has this indictment/information been ordered sealed?      ( x ) Yes   ( ) No

9.      Have arrest warrants been ordered?                       (X) Yes   ( ) No

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

By: _____
Bonnie S. Klapper
Assistant U.S. Attorney